IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ) <br> ) <br> *EX PARTE* APPLICATION OF ALESAYI ) <br> BEVERAGE COMPANY, LTD., ) <br> PURSUANT TO 28 U.S.C. § 1782 TO ) <br> CONDUCT DISCOVERY FOR USE IN ) <br> FOREIGN PROCEEDINGS ) | Case No. |

**MEMORANDUM OF LAW IN SUPPORT OF *EX PARTE*
APPLICATION FOR AN ORDER TO CONDUCT DISCOVERY FOR
<u>USE IN FOREIGN PROCEEDINGS PURSUANT TO 28 U.S.C. § 1782</u>**

BAKER & HOSTETLER LLP
Jeffrey J. Lyons (#6437)
1201 North Market Street, Suite 1402
Wilmington, DE 19801-1147
(302) 468-7088
jjlyons@bakerlaw.com

Michelle R. Usitalo
45 Rockefeller Plaza
New York, NY 10111
(212) 847-2849
musitalo@bakerlaw.com

Dated: July 1, 2022

*Attorneys for Alesayi Beverage Company, Ltd.*

# TABLE OF CONTENTS

|  |  | Page |
|---|---|---|
| BACKGROUND | | 1 |
| ARGUMENT | | 3 |
| I. | PETITIONER SATISFIES THE STATUTORY REQUIREMENTS OF 28 U.S.C. § 1782 | 3 |
| II. | THE COURT SHOULD GRANT THE PROPOSED DISCOVERY ORDER | 5 |
| III. | THE COURT SHOULD GRANT PETITIONER'S APPLICATION *EX PARTE* | 7 |
| CONCLUSION | | 8 |

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ahmad Hamad Algosaibi & Bros. Co. v. Standard CharteredInt'l (USA) Ltd.*,
   785 F. Supp. 2d 434 (S.D.N.Y. 2011) ...................................................................................7

*Application of Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JAS
   Forwarding (USA), Inc.*,
   747 F.3d 1262 (11th Cir. 2014) ..........................................................................................4, 5

*In re Application of Gemeinshcaftspraxis Dr. Med. Schottdorf*,
   No. Civ. M19-88 (BSJ), 2006 WL 3844464 (S.D.N.Y. Dec. 29, 2006) ...................................6

*In re Application of Gorsoan Ltd. and Gazprombank OJSC for an Order Pursuant
   to 28 U.S.C. 1782 to Conduct Discovery for Use in a Foreign Proceeding*,
   No. 13 Misc. 397(PGG), 2014 WL 7232262 (S.D.N.Y. Dec. 10, 2014) ..................................7

*In re Application of Hornbeam Corp.*,
   No. 14 Misc. 424, 2014 WL 8775453 (S.D.N.Y. Dec. 24, 2014) .........................................6, 7

*In re Application of Varian Med. Sys. Int'l AG*, Case No. 16-mc-80048-MEJ,
   2016 WL 1161567 (N.D. Cal. Mar. 24, 2016) .....................................................................4, 5

*In re Clerici*,
   481 F.3d 1324 (11th Cir. 2007) ........................................................................................5, 6, 7

*In re Ex Parte Application of Porsche Automobil Holding SE for an Order
   Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery for
   Use in Foreign Proceedings,* |
   15-mc-417 (LAK), 2016 WL 702327
   (S.D.N.Y. Feb. 18, 2016) ..........................................................................................................7

*In re Ex Parte Application of Shareefah Khaled Alghanim in Support of
   Application of an Order to Conduct Discovery for Use in Foreign
   Proceedings Pursuant to 28 U.S.C. § 1782*,
   C.A. No. 18-mc-89-LPS, D.I. 4 (D. Del. Apr. 17, 2018) ........................................................7

*In re Mota*,
   C.A. No. 19-mc-369 (MN), 2020 WL 95493 (D. Del. Jan. 8, 2020) ........................................8

*In re Premises Located at 840 140th Avenue*,
   634 F.3d 557 (9th Cir. 2011) ...................................................................................................5

*Brandi-Dohrn v. 1KB Deutsche Industriebank AG*,
   673 F.3d 76 (2d Cir. 2012) .......................................................................................................4

*In re Chevron Corp.*,
　No. 10-mc-00002 (LAK), Dkt. 2 (S.D.N.Y. Aug. 6, 2010) ...................................................... 8

*Euromepa S.A. v. R. Esmerian, Inc.*,
　51 F.3d 1095 (2d Cir. 1995) ...................................................................................................... 6

*Intel Corp. v. Advanced Micro Devices, Inc.*,
　542 U.S. 241 (2004) ......................................................................................................... 4, 5, 6

*Lancaster Factoring Co. Ltd. v. Mangone.*
　90 F.3d 38 (2d Cir. 1996) .......................................................................................................... 3

*Schmitz v. Bernstein Liebhard & Lifshitz, LLP*,
　376 F.3d 79 (2d Cir. 2004) ........................................................................................................ 5

**Statutes**

28 U.S.C. § 1782 .......................................................................................................... *passim*

28 U.S.C, § 1782(a) ........................................................................................................... 4, 5

Petitioner, Alesayi Beverages Company, Ltd. ("Alesayi" or "Petitioner"), a Saudi Arabian company, respectfully submits this memorandum of law in support of its application for an order, pursuant to 28 U.S.C. § 1782, to conduct discovery for use in aid of a foreign proceeding ("Application") by serving a subpoena on each of JPMorgan Chase Bank, N.A. and Bank of America, N.A., (together, the "US Banks").

## BACKGROUND

Alesayi is a company established in Saudi Arabia in 1968. Declaration of Saddam Alhumaikani dated June 30, 2022 (Alhumaikani Decl. ¶ 3.) It produces and sells carbonated soft drinks, juices, and energy drinks to Middle East markets. *Id.* at ¶ 4. In manufacturing these beverages, Alesayi relies on suppliers of ingredients one of which is Link-19 Company ("Link-19"), a provider of concentrates. *Id.* at ¶ 5. Alesayi has been doing business with Link-19 for more than three years. *Id.* at ¶ 6. During that time, Alesayi has followed the same procedures for receipt of goods and payment—Alesayi receives the concentrates from Link-19, Link-19 sends Alesayi notification of an invoice by email, and Alesayi pays that invoice by following the wire instructions on the invoice. *Id.* at ¶ 7.

In 2018, Link-19 issued and sent Alesayi a series of invoices. The invoices billed Alesayi a total of €1,062,957.80 for the goods it provided and listed wire instructions which directed payment to Link-19 at the Commercial Bank of Dubai in the United Arab Emirates (the "February Payment Invoices"). *Id.* at ¶ 8. As Alesayi prepared to make the bank transfer to Link-19 for payment on the February Payment Invoices, it received new invoices from what it believed to be Link-19 providing Alesayi with new wire information. *Id.* at ¶ 9. Unbeknownst to Alesayi, the email from which it received the new invoices originated from the domain name "Links19.com" (the "Scammer") not "Link19.com", the domain name associated with the legitimate Link-19. *Id.* Following these instructions, Alesayi directed payment of €1,062,957.80 to JPMorgan Chase in

the U.S. *Id.* at ¶ 10. In March 2019, Alesayi sought to get current on its outstanding invoices to Link-19. *Id.* at ¶ 11. The Scammer provided Alesayi with new wire instructions, this time directing payment to Bank of America in the U.S. *Id.* On March 19, 2019, Alesayi paid Link-19 invoices totaling €2,575,195.13 (the "March 19 Payment Invoices") and directed payment to Bank of America in the U.S. pursuant to the wire instructions purportedly sent from Link-19. *Id.* On March 26, 2019, Alesayi paid additional Link-19 invoices ("March 26 Payment Invoices") and directed payment of €2,472,500.00 to Bank of America in the U.S. pursuant to the wire instructions purportedly from Link-19. *Id.* at ¶ 12.

After being informed by the real Link-19 that payment was not received, Alesayi became aware that the wire information it had received was not from the real Link-19, but instead from the Scammer and Alesayi believes that the Scammer illegally accessed Link-19's data as part of a scheme to defraud Alesayi and steal its assets. *Id.* at ¶¶ 13, 14.

Following this discovery, Alesayi hired an accountant to trace the assets and the emails, and the accountant confirmed that a total of €3,636,152.96 had been transferred to accounts associated with the Scammer and not the legitimate Link-19. *Id.* at ¶¶ 15-20. Alesayi was able to stop payment on the March 26 Invoices before it reached the Scammer's account. *Id.* at ¶ 20.

Alesayi contemplates a proceeding against the Scammer, but first must establish the true identity of the Scammer and current location of the stolen assets. *Id.* at ¶ 21. Accordingly, Alesayi has filed this application because it believes that records held by the US Banks may have information to identify the holder of the accounts identified by the Scammer in the wire instruction and the location of Alesayi's assets, which it seeks to recover. *Id.* at ¶¶ 22-24. Alesayi intends to use the discovery obtained via this application to aid in the pursuit of a foreign proceeding sounding in fraud. *Id.* at ¶ 25.

**ARGUMENT**

Section 1782 of Title 28 of the United States Code permits the United States District Courts to grant discovery for use in a foreign proceeding. The statute, in relevant part, states:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . . The order may be made . . . upon the application of any interested person . . . .

28 U.S.C. § 1782. The goals of this statute are twofold: "to provide equitable and efficacious discovery procedures in the United States courts for the benefit of tribunals and litigants involved in litigation with international aspects . . . and to encourage foreign countries to provide similar means of assistance to [United States] courts." *Lancaster Factoring Co. v. Mangone*, 90 F.3d 38, 41 (2d Cir. 1996) (internal quotation marks and citations omitted). "In pursuit of these twin goals, the section has, over the years, been given increasingly broad applicability." *Id.* (internal quotation marks and citations omitted).

When a court finds that the statutory requirements of 28 U.S.C. § 1782 are met, it may, in its discretion, grant an application for discovery. The United States Supreme Court has articulated a number of factors the district courts should consider when weighing an application under Section 1782. As set forth in greater detail below, all these discretionary factors weigh in favor of granting Petitioner the requested discovery.

**I. PETITIONER SATISFIES THE STATUTORY REQUIREMENTS OF 28 U.S.C. § 1782**

Courts are authorized to grant an application made pursuant to 28 U.S.C. § 1782 where "(1) the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made, (2) the discovery is for use in a foreign proceeding before a foreign tribunal, and (3) the application is made by a foreign or international tribunal or any

interested person." *In re Application of Varian Med. Sys. Int'l AG*, Case No. 16-mc-80048-MEJ, 2016 WL 1161567, at *3 (N.D. Cal. Mar. 24, 2016); *see also Application of Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JAS Forwarding (USA), Inc.*, 747 F.3d 1262, 1269 (11th Cir. 2014); *Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76, 80 (2d Cir. 2012). Petitioner's application satisfies all three statutory requirements.

***First***, each of the US Banks resides or is found in this District. Alhumaikani Decl. ¶¶ 18, 20. Bank of America is incorporated in Delaware and its registered agent is the Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801. JP Morgan Chase is also incorporated in Delaware and its registered agent is also the Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801. Petitioner seeks records that should be held in each of the US Banks' ordinary course of business and which each of the US Banks should be able to easily produce in this District.

***Second***, the discovery sought is for use in a contemplated foreign proceeding. To the extent that the requested discovery identifies assets properly belonging to Alesayi, Petitioner contemplates filing all actions necessary to recover those assets, wherever those assets may be found. *See, e.g.*, *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 259 (2004) ("[W]e hold that § 1782(a) requires only that a [proceeding] be within reasonable contemplation."); Alhumaikani Decl. ¶ 22.

***Third***, Petitioner is an "interested person" authorized to bring this application as Alesayi was the target of the Scammer's fraud and is seeking to recover its stolen assets. Alhumaikani Decl. ¶ 21; *see Intel Corp.*, 542 U.S. at 256.

## II. THE COURT SHOULD EXERCISE ITS DISCRETION TO GRANT THE PROPOSED DISCOVERY ORDER

"Once the statutory requirements [of 28 U.S.C. § 1782] are met, a district court is free to grant discovery in its discretion." *In re Premises Located at 840 140th Avenue*, 634 F.3d 557, 563 (9th Cir. 2011); *see also Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 83-84 (2d Cir. 2004) (internal quotations and citation omitted). The Supreme Court has identified a number of factors that the district courts are to consider in ruling on a § 1782 application: (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the proceeding underway abroad, and the receptivity of the foreign court to federal-court assistance; (3) whether the application conceals an attempt to circumvent foreign proof gathering restrictions of a foreign country; and (4) whether the application is unduly intrusive or burdensome. *See Intel Corp.*, 542 U.S. at 264-65; *Akebia Therapeutics, Inc. v. FibroGen, Inc.*, 793 F.3d 1108, 1112 (9th Cir. 2015); *JAS Forwarding (USA), Inc.*, 747 F.3d at 1271-72. Here, all of these factors weigh in favor of granting Petitioner's application.

*First*, where, as here, discovery is sought from entities that would not participate in the contemplated foreign proceeding, the need for court-ordered discovery is apparent. As the Supreme Court explained, "[a] foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence. In contrast, nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Intel Corp.*, 542 U.S. at 264 (internal citations omitted); *see In re Varian Med. Sys. Int'l AG*, 2016 WL 1161568, at *3 (noting that "nonparticipants … may be outside the foreign tribunal's jurisdictional reach" and that "their evidence, available in the United States, may be unobtainable absent §1782(a) aid"); *see also In*

*re Clerici*, 481 F.3d 1324, 1335 n.14 (11th Cir. 2007) ("In many §1782 cases, the person from whom discovery is sought is a nonparticipant in the foreign proceeding and outside the jurisdiction of the foreign tribunal.").

The second factor identified by the Supreme Court—the nature of the foreign proceedings and the receptivity of the foreign tribunal to federal-court assistance—requires courts to consider "(1) whether United States assistance would offend the foreign country, and (2) whether the material sought is admissible in the foreign tribunal." *In re Application of Gemeinshcaftspraxis Dr. Med. Schottdorf*, No. Civ. M19-88 (BSJ), 2006 WL 3844464, at *6 (S.D.N.Y. Dec. 29, 2006) (internal citations omitted). In weighing these elements, courts may only rely on "authoritative proof." *Euromepa S.A. v. R. Esmerian, Inc.,* 51 F.3d 1095, 1100 (2d Cir. 1995); *see also In re Clerici*, 431 F.3d at 1335 ("[T]here is nothing in the record to suggest that the district court should have declined to grant the §1782 application based on the nature of the foreign tribunal or the character of the proceeding . . . ."). Here, this factor is immaterial as the location of the assets has not yet been determined and a proceeding has not yet been initiated in a foreign tribunal.

Following from this, the third factor also suggests that discovery should be granted, as this application is clearly not an attempt to circumvent any foreign proof gathering restrictions. "[T]he burden is on the opponent of a § 1782 request to prove that the foreign court would reject the evidence obtained through § 1782." *In re Application of Hornbeam Corp.*, No. 14 Misc. 424, 2014 WL 8775453, at *4 (S.D.N.Y. Dec. 24, 2014); *see Euromepa S.A.*, 51 F.3d at 1099-1100 ("[W]e believe that a district court's inquiry into the discoverability of requested materials should consider only authoritative proof that a foreign tribunal would reject evidence obtained with the aid of section 1782."); *see also Akebia Therapeutics, Inc.*, 793 F.3d at 1112 (noting that the district court adequately considered the nonexclusive *Intel* factors including "the nature of foreign proof-

gathering restrictions" in granting the 1782 application). The discovery sought here pertains specifically to tracing the Petitioner's stolen assets, and in this instance, the rules of evidence for a specific jurisdiction are not implicated, nor is it anticipated that it would violate any restrictions on evidence gathering.

Finally, the discovery sought by this application is not burdensome. Bank records are routinely sought for and produced via § 1782 petitions in this District. *See, e.g.*, *In re Ex Parte Application of Shareefah Khaled Alghanim in Support of Application of an Order to Conduct Discovery for Use in Foreign Proceedings Pursuant to 28 U.S.C. § 1782*, C.A. No. 18-mc-89-LPS, D.I. 4 (D. Del. Apr. 17, 2018) (**Ex. C** to the Application); *Hornbeam Corp.*, 2014 WL 8775453, at *5 (ordering production of bank records, including wire transfers, pursuant to § 1782); *Ahmad Hamad Algosaibi & Bros. Co. v. Standard Chartered Int'l (USA) Ltd.*, 785 F. Supp. 2d 434, 437-39 (S.D.N.Y. 2011) (granting § 1782 petition seeking disclosure of account statements, account opening materials, customer files, and due diligence materials).

### III. THE COURT SHOULD GRANT PETITIONER'S APPLICATION *EX PARTE*

The Court should grant Petitioner's application *ex parte*. *Ex parte* applications under 28 U.S.C. § 1782 are routine in this district. *See In re Ex Parte Application of Porsche Automobil Holding SE for an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery for Use in Foreign Proceedings*, 15-mc-417 (LAK), 2016 WL 702327, at *5 (S.D.N.Y. Feb. 18, 2016); *In re Application of Gorsoan Ltd. and Gazprombank OJSC for an Order Pursuant to 28 U.S.C. 1782 to Conduct Discovery for Use in a Foreign Proceeding*, No. 13 Misc. 397 (PGG), 2014 WL 7232262, at *5 (S.D.N.Y. Dec. 10, 2014); *see also In re Clerici*, 481 F.3d at 1329-30 (granting *ex parte* order one day after § 1782 application is filed without hearing). As noted by Judge Kaplan:

> Applications pursuant to 28 U.S.C. § 1782 are frequently granted *ex parte*. Where, as here, the application is for the issuance of subpoenas, no substantial rights of the subpoenaed person are

> implicated by such action, as the subpoenaed person, once served, is entitled to move to quash or modify the subpoenas.

*In re Chevron Corp.*, No. 10-mc-00002 (LAK), Dkt. 2 (S.D.N.Y. Aug. 6, 2010) (**Ex. D** to the Application). The US Banks will not be prejudiced by granting Petitioner's application *ex parte* as they will have an opportunity to challenge the discovery Petitioner is seeking once it is served. *See In re Mota*, C.A. No. 19-mc-369 (MN), 2020 WL 95493, at *1 (D. Del. Jan. 8, 2020) ("Discovery applications under § 1782 are often granted *ex parte* because, *inter alia*, witnesses and other recipients can 'raise[ ] objections and [otherwise] exercise[ ] their due process rights by motions to quash.'" (alterations in original, citation omitted).

## **CONCLUSION**

For the foregoing reasons, Petitioner respectfully requests that the Court enter the Proposed Order annexed to the *Ex Parte* Application for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings as Exhibit A, to serve the subpoenas annexed to the Application as Exhibit B.

Dated: July 1, 2022

BAKER & HOSTETLER LLP

/s/ *Jeffrey J. Lyons*
Jeffrey J. Lyons (#6437)
1201 North Market Street, Suite 1402
Wilmington, DE 19801-1147
(302) 468-7088
jjlyons@bakerlaw.com

Michelle R. Usitalo
45 Rockefeller Plaza
New York, NY 10111
(212) 847-2849
musitalo@bakerlaw.com

*Attorneys for Alesayi Beverage Company, Ltd.*